# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL C. BROWN, | : |
| | : CIVIL ACTION NO. 1:19-CV-1941 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Schwab) |
| v. | : |
| | : |
| PA DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants. | : |

## ORDER

**AND NOW, THIS 8th DAY OF FEBRUARY 2021**, upon review of Magistrate Judge Susan E. Schwab's January 14, 2021, Report and Recommendation ("R&R") (Doc. 100) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

1. The R&R (Doc. 100) is **ADOPTED as modified** for the reasons set forth therein.[1]

2. Plaintiff's First Amended Complaint (Doc. 27) is **DISMISSED WITH PREJUDICE** as to the following claims:[2]

---

[1] Modifications will be noted in the margin.

[2] The R&R recommends dismissing all claims against Unserved Defendants with prejudice. (Doc. 100 at 31.) The Unserved Defendants are "SCI Coal John Doe (1)," "SCI Coal John Doe, (2)," "SCI Coal John Doe, (3)" "SCI Coal John Doe, (4)," "Sargeant Shikes," "Nurse Big Red," "Nurse John Doe (5)," and "Nurse Jane Doe 1." (Doc. 100 at 4.) Rather than dismiss claims against these Defendants with prejudice, the Court will dismiss them without prejudice as the futility of service of a second amended complaint and further identification of the Unserved Defendants has not been established.

   a. Counts One and Two as asserted against Defendants Pennsylvania Department of Corrections and SCI Coal Township;

   b. Count Five against Defendants Pennsylvania Department of Corrections and SCI Coal Township;[3]

   c. Count Nine in its entirety;

   d. Plaintiff's sought remedy of punitive damages for Count Eleven;

   e. Plaintiff's sought remedy of monetary damages for Counts Three and Four;

   f. Plaintiff's sought remedy of monetary damages, as asserted against any or all of the Corrections Defendants for Counts One, Two, Six, Seven, and Eight, to the extent that these claims are against these defendants acting in their official capacities.[4]

3. Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to the following claims:

---

[3] While Defendant Department of Corrections and SCI Coal Township are immune from suit under the Eleventh Amendment, Defendant Correct Care Solutions or Wellpath is not. As a private health company providing service to inmates, Defendant Correct Care Solutions or Wellpath "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability," *Natale v. Camden Cty. Corr. Facility,* 318 F.3d 575, 583 (3d Cir.2003), but may be held liable under 42 U.S.C. § 1983 if a plaintiff alleges facts to state a claim that the private company had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue. *Id.* at 583–84 (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997)).

[4] The Corrections Defendants are the Commonwealth of Pennsylvania's Department of Corrections, State Correctional Institution Coal Township, Secretary of Corrections John E. Wetzel, Michael Wenerowicz, Paul Noel, Thomas McGinley, Trisha Kelley, Karen Merritt, and Richard Wenhold. (Doc. 100 at 4.)

    a. Counts One and Two except as asserted against Defendants Pennsylvania Department of Corrections and SCI Coal Township and except as to Plaintiff's request for monetary damages against Corrections Defendants acting in their official capacities;

    b. Counts Three and Four except as to Plaintiff's request for monetary damages;[5]

    c. Count Five as to Defendant Correct Care Solutions or Wellpath;

    d. Counts Six, Seven, and Eight except as to Plaintiff's request for monetary damages against Corrections Defendants acting in their official capacities;

    e. Count Ten;[6]

    f. Count Eleven.[7]

---

[5] In addition to the reasons set out in the R&R, the Court notes that claimed violations of the Pennsylvania Constitution are not properly raised under 42 U.S.C. § 1983 which addresses "rights, privileges, or immunities" secured by the United States Constitution and federal laws.

[6] The R&R recommends dismissal of Count Ten with prejudice as to Defendant Merritt. (Doc. 100 at 28.) While the R&R's determination regarding Plaintiff's medical malpractice claim against Defendant Merritt is likely accurate, in an abundance of caution the Court will dismiss the claim against her without prejudice.

[7] Because the Court of Appeals for the Third Circuit does not appear to have ruled in a precedential opinion on the issue of whether a private entity contracted to provide health services to inmates at a state prison can be liable under the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA"), the Court dismisses Count Eleven claiming violations of the ADA and RA without prejudice as to Defendant Correct Care Solutions and/or Wellpath rather than dismissing the claim with prejudice as recommended in the R&R (Doc. 100 at 28).

4. In accordance with the foregoing determinations, Corrections Defendants' Motion to Dismiss (Doc. 45) is **GRANTED**, Medical Defendants' Motion to Dismiss (Doc. 48) is **GRANTED**, Corrections Defendants' Motion to Strike (Doc. 85) is **DEEMED MOOT**;

5. Plaintiff is **GRANTED LEAVE** to file a second amended complaint regarding the claims dismissed without prejudice **within 28 days** of the date of this Order;

6. This matter is remanded to Magistrate Judge Schwab for further consideration.

_____
Robert D. Mariani
United States District Judge