THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL C. BROWN, | : |
| | : CIVIL ACTION NO. 1:19-CV-1941 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Schwab) |
| v. | : |
| | : |
| PA. DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants. | : |

**ORDER**

AND NOW, THIS 29th DAY OF APRIL 2022, upon review of Magistrate Judge Susan E. Schwab's February 28, 2022, Report and Recommendation ("R&R") (Doc. 148), Plaintiff's objections thereto (Doc. 149), and all other relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's objections (Docs. 149) are **SUSTAINED IN PART** and **DEEMED MOOT IN PART**:

    a. Plaintiff objects to the recommendation in the R&R that Count Five of the Third Amended Complaint (Doc. 114 at 27) should be dismissed.[1] (Doc. 150 ¶ 5.) Count Five, "42 U.S.C. Section 1983 Violation of the 8TH Amendment: Corporate Liability by Entity Healthcare Defendants, Correct Care Solutions (and/or Wellpath)," includes the following allegations:

    > 110. [T]the deficient DOC policy for treating HCV, a serious medical need, and that official policy, custom or practice enacted or engaged by CCS to direct compliance to the DOC policy at SCI Coal are responsible for violating Plaintiff 's said Eighth Amendment rights.

    > 112. Said official policies . . . of the DOC and the medical entities here named in tandem deprived plaintiff of any treatment whatsoever for his HCV status, F-2 and thus of his constitutional right to be appropriately treated.

---

[1] Plaintiff states that "he is not independently pursuing objections over dismissal of CCS at either Count One . . . and Count Two." (Doc. 149 ¶ 5.)

> 118. [CCS] . . . had a duty to hire and staff appropriately the medical personnel it provided to Mr. Brown's care, to educate and train said employees, contractors or agents, and to supervise them according to said standards of practice, among other duties, and not to implement faulty, life threatening policies.
>
> 119. [If CCS] is shown to have also been aware of these other problems, among them, its duties to supervise and train employees with regard to the treatment of infections as afflicted Plaintiff, the selection and applications of appropriate antibiotics, the timely universal care of Hepatitis C with DAADs, general and specific wound care, the need to seek consultation with a wound or other expert, to identify when emergency care is necessary, the post surgical care of Plaintiff's wounds, the needs for psychological care with an amputation, pain relief, the needs to then seek specialized consults and the need to begin physical therapy, corporate liability may be found to exist upon these grounds also, the said entities having done nothing to implement the standard of care DAAD regimen.

(Doc. 114 at 27-29.)  With his objections and supporting brief (Docs. 149, 150), Plaintiff essentially argues that Count Five should go forward because discovery is needed to ascertain CCS's policies, customs, or practices regarding HCV care and the care of Plaintiff's leg both before and after the amputation.  (Doc. 149 ¶ 19; Doc. 150 at 4-8.)  In the circumstances of this case, the difficulty of acquiring concrete information about relevant policies, customs, or practices cautions against dismissal of CCS.  For example, it is plausible that corporate liability pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), and its progeny could potentially be established if discovery were to show that CCS had some autonomy regarding treatment of HCV under the applicable DOC policy or an ability to influence a DOC policy that was inconsistent with a recognized standard of care.  By way of further example, in the context of liability for failure to train or supervise,

2

courts have recognized a three-part test to determine whether such a failure amounts to the necessary showing of deliberate indifference to constitutional rights:

> in order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). As set out in the R&R, to allege a viable Eighth Amendment medical claim, a plaintiff "must allege facts from which it can reasonably be inferred that the defendant acted with deliberate indifference to a serious medical need." (Doc. 148 at 13 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).) Though Plaintiff identifies many bases upon which CCS liability could be found, allegations regarding training and supervision related to the treatment of Plaintiff's leg infection illustrates the plausibility of establishing corporate liability. Applying the first *Carter* factor, there is no doubt that CCS knew that its employees would confront situations where an inmate developed a serious infection. Second, common experience indicates that infections can be medically handled in more than one way--the difficulty in the choice of treatment/management is a subject for discovery as is whether there is a history of CCS employees mishandling infections. Third, infections which are untreated or not properly treated can cause "serious medical needs" which, coupled with deliberate indifference, supports an Eighth Amendment medical claim. *Estelle*, 429 U.S. at 103. With at least two plausible bases for CCS liability, the Court will not dismiss CCS from this action and will allow discovery to proceed on Plaintiff's claims regarding the alleged policies, practices, or customs which may support corporate

3

liability in this case. Therefore, Plaintiff's objection to the dismissal of Count Five is SUSTAINED.

   b. With this determination, Plaintiff's objection to the dismissal of Count Ten (Doc. 149 ¶ 5; Doc. 150 at 1-2) is MOOT given that the R&R's recommendation to dismiss Count Ten is based on the recommendation that all federal claims against CCS be dismissed (see Doc. 148 at 33) and, because all federal claims against CCS will not be dismissed, Count Ten will not be dismissed.

   c. Plaintiff also objects to the R&R's conclusion that allowing leave to amend would be futile and asserts that it would not be if discovery would support his claim for corporate liability. (Doc. 150 at 8.) This objection is also MOOT because this case goes forward as to CCS and Plaintiff will have the opportunity to develop his corporate liability claim through discovery.

2. Because the Court sustains Plaintiff's objection regarding Count Five, the R&R is **ADOPTED IN PART** and **NOT ADOPTED IN PART**:

   a. The R&R is **NOT ADOPTED** as to the recommendations that Count Five and Count Ten be dismissed;
   b. The R&R is **ADOPTED** in all other respects.

3. The pending motions to dismiss (Docs. 117, 118) are **GRANTED IN PART** and **DENIED IN PART.**

4. The motions to dismiss (Docs. 117, 118) are **GRANTED** insofar as Plaintiff's Third Amended Complaint (Doc. 114) is **DISMISSED WITH PREJUDICE** as to the following claims:[2]

---

[2] As noted in the R&R, the Counts in the Third Amended Complaint "are not linearly numbered, and . . . the Court refers to the Counts as Brown has them numbered." (Doc. 138 at 4 n.3.) The Third

    a. Count One as asserted against Defendants CCS, Davis, and Boguslaw;

    b. Count Two as asserted against Defendant CCS;

    c. Count Six as asserted against Defendants CCS and McGinley;[3]

    d. Count Seven as asserted against Defendant McGinley;

    e. Count Eight as asserted against Defendant McGinley.

5. The motions to dismiss (Docs. 117, 118) are **DENIED** in all other respects.

6. As a result of the foregoing determinations, only the following claims go forward:

    a. Count One as asserted against Defendants Moclock, Monsalud, Nurse "Big Red," Jane Doe 1, John Doe 5, and Sgt. Shikes

    b. Count Two as asserted against Defendants Moclock, Monsalud, Davis, Boguslaw, Nurse "Big Red," Jane Doe 1, John Doe 5, Sgt. Shikes, Wetzel, Wenerowitz, Wenhold, and Noel;

    c. Count Five as pled;

    d. Count Six as asserted against Defendant Moclock;

    e. Count Seven as asserted against Defendants John Doe 1, John Doe 2, and John Doe 3;

    f. Count Eight as asserted against Defendants John Doe 1, John Doe 2, and John Doe 3;

    g. Count Ten as pled.

7. This matter is **REMANDED** to Magistrate Judge Schwab for further consideration.

*[signature]*

Robert D. Mariani
United States District Judge

---

Amended Complaint identifies seven counts: Count One, Count Two, Count Five, Count Six, Count Seven, Count Eight, and Count Ten. (Doc. 114 at 10-41.)

[3] Count Six is asserted against "certain of the Defendants." (Doc. 114 at 31.) Because Defendants CCS, Moclock, and McGinely are named in the body of the count, the R&R construes the claim to be asserted against these Defendants. (Doc. 148 at 26.) Plaintiff does not object to the R&R's recommended disposition of Count Six.